**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4525**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

BENJAMIN BLAND,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cr-00619-JFM-4)

_____

Submitted: March 29, 2018                              Decided: April 3, 2018

_____

Before GREGORY, Chief Judge, and TRAXLER and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Vincent A. Jankoski, Silver Spring, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Lauren E. Perry, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Benjamin Bland of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 2, 1349 (2012), wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012), and Social Security fraud, in violation of 18 U.S.C. § 2; 42 U.S.C. § 408(a)(7)(C) (2012). On appeal, Bland contends that the admission of records from the Social Security Administration (SSA) violated his rights under the Confrontation Clause and that the Government constructively amended the indictment or, alternatively, that its argument and evidence at trial amounted to a prejudicial variance. We disagree.

"[W]e review an alleged Confrontation Clause violation de novo." *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). The Confrontation Clause "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). "Evidence implicates the Confrontation Clause only if it constitutes a testimonial statement—that is, a statement made with a primary purpose of creating an out-of-court substitute for trial testimony." *Reed*, 780 F.3d at 269 (internal quotation marks omitted). Statements are testimonial if they are the functional equivalent of in-court testimony. *Crawford*, 541 U.S. at 51-52. Testimonial statements include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (internal quotation marks omitted).

2

In *Melendez-Diaz*, the Court stated that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rule, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Id.* at 324. However, the Court also noted that it had previously "held that an accident report created by an employee of a railroad company did not qualify as a business record because, although kept in the regular course of the railroad's operations, it was calculated for use essentially in the court, not in the business." *Id.* at 321 (internal quotation marks omitted).

Here, Bland does not contest that the actual SSA records—the Social Security numbers (SSNs) of the victims of his fraud—were created in the ordinary course of business. Rather, he attacks the manner in which they were introduced, as "extracted" from the SSA's records and included as part of a spreadsheet introduced into evidence. We find his argument unpersuasive. We have previously found that an extract of a business' records did not violate a defendant's Confrontation Clause rights. *United States v. Keita*, 742 F.3d 184, 190 (4th Cir. 2014). While Bland relies on *United States v. Smith*, 640 F.3d 358, 363 (D.C. Cir. 2011) (internal quotation marks omitted), the records in *Smith* "were made for the purpose of establishing or proving a fact at trial." Thus, we conclude that the district court properly admitted the records.

Bland next argues that the Government constructively amended Counts 1 through 4 of the indictment because its argument and evidence concerning whether he defrauded his customers was not alleged in the indictment, which alleged a scheme to defraud

3

financial institutions. Alternatively, Bland contends that the argument and evidence amounted to a prejudicial variance because it turned his customers into victims and prevented him from using the manual he sent to customers in his defense.

"[I]t is well established that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) (internal quotation marks omitted). "An impermissible constructive amendment—also referred to as a fatal variance—occurs when the government, usually through its presentation of evidence or argument, or the district court, usually through its jury instructions, broadens the possible bases for conviction beyond those presented by the grand jury." *Id.* (internal quotation marks omitted). "The key inquiry is whether a defendant has been tried on charges other than those listed in the indictment." *Id.* We review de novo "whether there has been a constructive amendment of an indictment." *United States v. Whitfield*, 695 F.3d 288, 306 (4th Cir. 2012).

"However, not every difference between the government's proof and the indictment constitutes a fatal variance." *United States v. Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013). "When the government's proof diverges to some degree from the indictment but does not change the crime charged in the indictment, a mere variance occurs." *Id.* "Such a variance violates the defendant's Fifth Amendment rights only if it prejudices him either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Id.* (alteration and internal quotation marks omitted).

4

We conclude that no variance, fatal or otherwise, occurred in this case. The Government presented voluminous evidence that Bland acted with the intent to defraud creditors by selling fraudulent SSNs to his customers, and that Bland personally assisted his customers in applying for credit cards with Capital One Bank with the fraudulent SSNs. The Government further introduced evidence demonstrating that Bland sold the fraudulent SSNs to his coconspirator, who then sold the numbers to other individuals, as described in Counts 2 through 4. Moreover, the factual allegations in the indictment alleged that Bland sold the fraudulent SSNs, provided fraudulent identification with the SSNs, and instructed users how to fraudulently obtain loans. Thus, Bland was on notice that his defense would have to center on the nature of his purported business. Moreover, Bland attempted to argue his actions were legal. Therefore, Bland's lies to his customers became relevant to the issue of whether he had the necessary criminal intent to defraud financial institutions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*